UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS DOMINGUEZ,

    Petitioner,

v.                                        Case No. 8:05-cv-00518-T-17MAP

JAMES R. MCDONOUGH,

    Respondent.
_____/

## ORDER

This cause is before the court upon Petitioner Jesus Dominguez's ("Dominguez") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dominguez challenges his 2002 conviction entered by the Twelfth Judicial Circuit Court, Manatee County, Florida. (Dkt. 1). Respondent has filed a response to the petition (Dkt. 9), and Dominguez has filed a reply thereto (Dkt. 10).

### Background

Dominguez was charged by Information filed on April 19, 1999, with second degree murder.[1] Dominguez entered a plea of nolo contendere on November 28, 2001. (Dkt. 7, Ex. 1). The state trial court adjudicated him guilty on January 31, 2002, and sentenced him to a term of imprisonment of 246 months. (Dkt. 7, Ex. 3). Dominguez did not file a direct appeal.

---

[1] A copy of the charging document was not filed as an exhibit in this case. This information was derived from the online docket of the Clerk of the Circuit Court, Manatee County, Florida. *See* http://www.manateeclerk.com/mpa/cvweb2.asp?ucase_id=71190630.

On October 14, 2002,[2] Dominguez, proceeding *pro se*, filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. (Dkt. 7, Ex. 4). The state trial court denied the Rule 3.850 motion by order dated November 19, 2002 (Dkt. 7, Ex. 5). Dominguez filed a motion for rehearing (Dkt. 7, Ex. 6) which was denied by the state trial court on December 12, 2002. (Dkt. 7, Ex. 7). Through retained counsel, Dominguez then filed an appeal of the denial of his Rule 3.850 motion and the denial of the motion for rehearing. (Dkt. 7, Ex. 8). On February 21, 2003, the state district court of appeal, in Case No. 2D02-5618, per curiam affirmed the denial of the Rule 3.850 motion and the denial of the motion for rehearing. (Dkt. 7, Ex. 10). *See Dominguez v. State*, 846 So.2d 515 (Fla. 2d DCA 2003) [Table]. Dominguez filed a motion for rehearing which was denied by the state district court of appeal on April 4, 2003. (Dkt. 7, Ex. 12). The mandate issued on April 30, 2003. (Dkt. 7, Ex. 13).

Dominguez filed a second Rule 3.850 motion on November 12, 2003. (Dkt. 7, Ex. 14). The state trial court denied this successive motion for post-conviction relief on February 10, 2004. (Dkt. 7, Ex. 15). Dominguez appeal this ruling (Dkt. 7, Ex 16) which was per curiam affirmed by the state district court of appeal on June 9, 2004. (Dkt. 7, Ex. 18). *See Dominguez v. State*, 880 So.2d 1221 (Fla. 2d DCA 2004) [Table]. The mandate issued on July 2, 2004. (Dkt. 7, Ex. 20).

---

[2] For purposes of calculating the limitations period under the AEDPA, the Court will give Dominguez the benefit of the "mailbox rule" and consider his § 2254 petition and documents related thereto as "filed" on the date he signed and delivered them to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). The Court will also give Dominguez the benefit of this rule with respect to his state court filings when calculating the limitations period under § 2244(d).

On August 25, 2004[3], Dominguez filed a *pro se* motion to modify sentence pursuant to Fla. R. Crim P. 3.800(c). On September 28, 2004, the state trial court denied the motion for lack of jurisdiction because the motion was untimely filed. (Dkt. 7, Ex. 23). Dominguez did not appeal this ruling, nor did he file a motion for rehearing.

On October 21, 2004[4], Dominguez filed a *pro se* motion to correct an illegal sentence pursuant to Fla. R. Crim. P. 3.800(c) in which he alleged he had not received proper jail credit for the days he was detained in Texas after his arrest and prior to his transport back to Florida. The state trial court granted this motion on November 8, 2004. (Dkt. 7, Ex. 25).[5]

Dominguez filed another *pro se* Rule 3.800(c) motion to modify his sentence on November 16, 2004. (Dkt. 7, Ex. 24). By order filed on December 6, 2004, the state trial court denied the motion. (Dkt. 7, Ex. 25). Dominguez appealed the denial to the state district court of appeal which dismissed the appeal for lack of jurisdiction on March 29, 2005. (Dkt. 7, Ex. 30). He filed a motion for rehearing that was denied by the state district court of appeal on July 25, 2005. (Dkt. 7, Ex. 31).

---

[3] A copy of this motion was not filed as an exhibit in this case. The date of filing of this motion is taken from the online docket of the Clerk of the Circuit Court, Manatee County, Florida. *See* http://www.manateeclerk.com/mpa/cvweb2.asp?ucase_id=71190630.

[4] *See*, online docket at address cited *supra*, ftnt. 3.

[5] The Court notes that this order is entitled "Order Denying Defendant's Motion To Correct Illegal Sentence." Contrary to this title, the conclusion of the order states as follows:

It is therefore,

ORDERED AND ADJUDGED that the Defendant's Motion is GRANTED. The Defendant shall be entitled to 191 days of county jail credit against the sentence he is presently serving in this case.

(Dkt. 7, Ex. 25). The online docket of the state trial court also mistakenly has the order entered as "denied." *See* http://www.manateeclerk.com/mpa/cvweb2.asp?ucase_id=71190630.

The instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was signed by Dominguez on March 10, 2005. Upon review of the record, Dominguez's petition is time-barred and must be DENIED.

## Standard of Review

Pursuant to 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A-D). Section §2244(d)(2) provides that periods of time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under §2244(d)(1). Absent demonstration of either the timeliness of a petition pursuant to § 2244(d) or that the principle of equitable tolling applies in the particular case, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D). Since Dominguez's conviction was entered after the AEDPA was enacted, his petition is subject to the provisions thereof.

## Discussion

Dominguez elected to forego the direct appeal process. Consequently, he could not petition the United States Supreme Court for petition of writ of certiorari because he failed to avail himself of the opportunity to seek review by a state court of last resort. *See* 28 U.S.C. § 1257; *Martinez v. Crosby*, 2005 WL 3133471 at *4 (M.D. Fla. Nov. 23, 2005). Accordingly, Dominguez's convictions became final for state appellate purposes on March 2, 2002, at the expiration of the period for seeking direct review in the Florida state courts. *See Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that judgment of conviction became final on the date that the time for seeking direct review expired where petitioner did not appeal his conviction or sentence); *McGee v. State*, 684 So.2d 241, 242 (Fla. 2nd DCA 1996); *Gust v. State*, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, his conviction becomes final when the thirty day period for filing a direct appeal expires); Fla.R.App.P. 9.110(b) (appeal of final order of lower tribunal must be filed within 30 days of rendition of the order to be reviewed); Fla.R.App.P. 9.020 (order is rendered when a signed, written order is filed with the clerk of the lower tribunal). Absent any tolling by a "properly filed" application for state post-conviction relief, Dominguez then had one year, until March 2, 2003, to file a timely § 2254 petition in this Court.

Dominguez did not file any motions for post-conviction relief in the state courts between January 31, 2002, when he was adjudged guilty by the state trial court and October 14, 2002, when he filed his first Rule 3.850 motion. Between January 31, 2002, and October 14, 2002, 226 days of the one year limitation period under 28 U.S.C. § 2244(d) elapsed. The limitation period remained tolled until April 30, 2003, when the state

district court of appeal issued its mandate on the denial of Dominguez's Rule 3.850 motion and his motion for rehearing. (Dkt. 7, Ex. 12). The following day, on May 1, 2003, the limitation period recommenced to run. Dominguez then had 139 days of the limitation period remaining, until September 17, 2003, in which to timely file his § 2254 petition.

Dominguez did not file his second Rule 3.850 motion until November 12, 2003. As of that date, the limitation period for timely filing his § 2254 petition had already expired. Because the limitation period cannot be reinitiated after its expiration, this second Rule 3.850 motion and all of Dominguez's subsequent filings in the state courts had no tolling effect. *See Cherry v. McDonough*, 2007 WL 328781 at *5 (M.D. Fla., Jan. 31, 2007); *Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001). Dominguez has not demonstrated that a State created impediment prevented him from filing a timely § 2254 petition, nor has he shown that he could not have discovered the factual predicate of his federal claims prior to March 10, 2005, the day he signed the instant petition, through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(B) & (D). Therefore, the instant petition is time-barred pursuant to the one-year limitation period under 28 U.S.C. § 2244(d) unless Dominguez can demonstrate that he is entitled to equitable tolling.

Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002; *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286. To establish diligence, a petitioner must present evidence showing reasonable efforts to timely file his action. *See*

*Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) (citing *Drew*, 297 F.3d at 1287-89). The Eleventh Circuit has emphasized that "equitable tolling applies only in truly extraordinary circumstances." *Id.* (*citing Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew*, 297 F.3d at 1286).

In his reply to Respondent's response, Dominguez addresses the timeliness issue and asserts that the instant § 2254 petition should be considered timely. Specifically, he contends that the AEDPA limitation period started to run on December 8, 2004, when the "new sentencing order became final." It appears that Dominguez is referring to the November 8, 2004, order from the state trial court granting his Rule 3.800(c) motion to correct an illegal sentence in which that court found that he was entitled to 191 days of county jail credit against his sentence. He erroneously equates this order to an order for resentencing and argues that his AEDPA limitation period should be calculated as of December 8, 2004, when the time for appealing the state trial court's order expired.

Contrary to Dominguez's contention, the state trial court's order granting his Rule 3.800(c) motion did not start the limitation period anew. He was not given a new sentence; rather, he was simply awarded credit against his existing sentence. Moreover, this motion was not filed until after the one-year limitation period for timely filing his § 2254 had expired. Accordingly, this motion is of no consequence to the calculation of the timeliness of the instant federal habeas petition.

Dominguez does not contend that he is entitled to equitable tolling. Furthermore, he has not demonstrated that any extraordinary circumstances existed that caused him to erroneously calculate the expiration of the limitations period for filing a timely § 2254 petition through the exercise of due diligence. Dominguez does not specify any

7

circumstances that were beyond his control that prevented him from timely filing his federal habeas petition, nor does he present any evidence of a reasonable effort to do so. "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, "ignorance of the law does not justify an extension of the one-year period to commence a collateral attack upon a criminal sentence." See Fulton v. United States, 2005 WL 1163188 at *3 (M.D. Ga., April 26, 2005) (citing Godoski v. United States, 304 F.3d 761, 762 (7th Cir. 2002)). Dominguez's allegations fail to meet the standard necessary to justify equitable tolling of the one year limitation period prescribed by 28 U.S.C. § 2244(d).

Accordingly, the Court orders:

That Dominguez's petition for writ of habeas corpus is denied with prejudice as time-barred. The Clerk is directed to enter judgment against Dominguez and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S.

473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on _MARCH 12th_, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Jesus Dominguez